IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAYTRON L. MOBLEY, SR. #346455
    Plaintiff                                                     :

              v.                                  :        CIVIL ACTION NO. CCB-12-2493

NATHAN MYCHACK, P.A.                :
    Defendant

MEMORANDUM

Dayton Mobley, presently incarcerated at the Maryland Correctional Institution in Hagerstown ("MCI-H"), seeks unspecified damages and complains that defendant, a physician's assistant, failed to acknowledge that plaintiff has a skin allergy and cannot wear state-issued denim clothing. Plaintiff's request for leave to file in forma pauperis shall be granted. The complaint as written shall be dismissed without prejudice.

While housed in other Division of Corrections prisons, plaintiff complained of an allergy to the dye in state-issued clothing. On several occasions, beginning in 2009, he has received medical authorization to wear "street" clothing or sweat pants rather than jeans. The most recent assessment resulted in authorization, dated July 19, 2011, that expired August 19, 2012. ECF No. 1, Attachment at 1-5.

On July 3, 2012, plaintiff discussed his allergy with defendant and asked for authorization to wear "street" clothing. Defendant informed plaintiff that review of prior medical records did not support the request. Apparently the exchange became heated; plaintiff subsequently was charged with an institutional infraction as a result of the interaction with defendant.[1]

---

[1] It appears plaintiff may have been given "lock up time" as a result of the infraction. ECF No. 1 at 4. Plaintiff provides no information by which this court could conclude that due process or other civil rights may have been

Plaintiff complains that defendant's failure to locate the prior authorizations in the medical record and reauthorize an order allowing plaintiff to wear "street" clothing amounts to negligence and that defendant wanted to "go along" with corrections personnel by ignoring plaintiff's medically-necessary request for dye-free clothing.  To proceed under the civil rights statutes, however, plaintiff must state facts sufficient to show that defendant's actions violated his Eighth Amendment right to be free of "unnecessary and wanton infliction of pain" and amounted to cruel and unusual punishment.  *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).  Plaintiff must demonstrate that defendant's actions (or failure to act) amounted to deliberate indifference to a serious medical need.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Deliberate indifference to a serious medical need requires proof that, objectively, plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff's medical condition may be serious; certainly there is medical documentation showing that he has been issued medical permission to wear dye-free clothing, rather than state-issued denim.  Assuming the skin condition is serious, plaintiff must also demonstrate "subjective recklessness" in the face of the serious medical condition.  *Farmer*, 511 U.S. at 839–40.

At best, plaintiff's complaint demonstrates that the defendant could not find and/or did not review the medical documents concerning plaintiff's skin allergy.  The documents exist and are now part of this record.  Likely they also are contained in plaintiff's medical record.  Plaintiff should present his copies to appropriate medical personnel so they may review their records and

---

violated as a result of any hearing on the infraction, and such concerns do not seem to be contemplated based on the defendant named and the allegations contained herein.

determine whether he still requires dye-free clothing.  Defendant's alleged failure to uncover and act on the previous medical orders amounts to little more than a claim of negligence.[2]  Such an inadvertent failure to provide adequate medical care does not amount to deliberate indifference, *Estelle*, 429 U.S. at 105, and negligence does not rise to an actionable constitutional claim, *see Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986).

A separate order shall be entered dismissing this case without prejudice.


August 28, 2012                                                   _____/s/_____
Date                                                                      Catherine C. Blake
                                                                               United States District Judge

---

[2] Under Maryland law, a claim of medical malpractice could proceed only after complete review before the Maryland Health Claims Arbitration Board.  *See* Md. Code Ann., Cts & Jud. Proc., §3-2A-01 et seq.; *see also Davison v. Sinai Hospital of Balt. Inc*, 462 F.Supp. 778, 779-81 (D. Md. 1978); *Group Health Ass'n, Inc. v. Blumenthal*, 295 Md. 104, 114 (1983). There is no demonstration that plaintiff has sought or completed such review. This court declines jurisdiction over these state court claims, and dismisses them without prejudice.  *See* 28 U.S.C. §1367(c)(3); *United Mine Workers v. Gibbs,* 383 U. S. 715, 726 (1966).